**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **John Griffin,** ) | **CASE NO. 1:08 CV 115** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Northcoast Behavioral Healthcare, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### Introduction

This matter is before the Court upon defendants' Motion for Judgment on the Pleadings to Dismiss Plaintiff's Ohio Law Claims and 42 U.S.C. § 1981 Claim (Doc. 7). For the following reasons, the motion is UNOPPOSED and GRANTED.

### Facts

Plaintiff, John Griffin, filed this Complaint against Northcoast Behavioral Healthcare and Carla Bounds. Plaintiff alleges the following. He has worked for the Ohio Department of Mental Health, Northcoast Behavioral Healthcare since 1981 in the housekeeping department. Bounds is his supervisor. Since 2006, Bounds has harassed plaintiff based on his gender.

1

Count One alleges that plaintiff has been sexually harassed in violation of Title VII and § 1981a.  Count Two alleges that plaintiff has been discriminated against because of his sex in violation of Ohio Revised Code § 4112.  Count Three alleges intentional and negligent infliction of emotional distress.

This matter is now before the Court upon defendants' Motion for Judgment on the Pleadings to Dismiss Plaintiff's Ohio Law Claims and 42 U.S.C. § 1981 Claim.  Plaintiff has not opposed the motion.

### **Standard of Review**

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. " *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 745 (6th Cir. 2004).

### **Discussion**

The Ohio law claims asserted in Counts Two and Three against Bounds are subject to dismissal because as a state employee Bounds enjoys civil immunity from suit under Ohio Revised Code (O.R.C.) § 986 unless and until the Ohio Court of Claims has determined, pursuant to O.R.C. § 2743.02(F), that she is not entitled to immunity.  *Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989).

The Ohio law claims asserted in Counts Two and Three against defendant Northcoast Behavioral Healthcare, an agency of the Ohio Department of Mental Health, are likewise subject to dismissal.  The United States Supreme Court has consistently held that the Eleventh

Amendment confers upon the states a sovereign immunity from suits brought by their own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Alabama v. Pugh*, 438 U.S. 781 (1978). The states' sovereign immunity may be overcome only by an unequivocally expressed waiver or a clear Congressional intent to abrogate the states' immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). Neither waiver nor abrogation applies here. *See Dendinger v. Ohio*, 207 Fed.Appx. 521 (6th Cir. 2006).

Additionally, the § 1981 allegation fails to state a claim because that statute prohibits racial discrimination in the making and enforcement of contracts. Plaintiff's Complaint is based on gender discrimination which is not cognizable under § 1981. *Huber v. Auglaize County Board of Elections,* 2007 WL 2713904 (N.D.Ohio Sept. 17, 2007).

Finally, the Title VII claim against Bounds is dismissed as she cannot be held personally liable under Title VII. *Wathen v. General Electric Company,* 115 F.3d 400 (6th Cir. 1997).

**Conclusion**

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings to Dismiss Plaintiff's Ohio Law Claims and 42 U.S.C. § 1981 Claim is unopposed and granted. The sole remaining claim is the Title VII claim against Northcoast Behavioral Healthcare.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/19/08